## Amalio ACOSTA–MONTEJO, Petitioner,

v.

## John ASHCROFT, Attorney General, Respondent.

No. 02–71099.

Agency No. A75–749–886.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

Amalio Acosta–Montejo, Huntington Beach, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Norah Ascoli Schwarz, Anthony W. Norwood, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Amalio Acosta–Montejo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction to review purely legal determinations, *see* 8 U.S.C. § 1252; *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002), and we review de novo, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). We deny the petition for review.

Petitioner contends that being put into removal proceedings rather than deportation proceedings deprived him of the opportunity to apply for suspension of deportation relief and thereby violated equal protection. This contention lacks merit.

Petitioner must show that the classification that caused him to be placed into removal proceedings is wholly irrational to succeed on his equal protection challenge. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163 (9th Cir.2002). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") replaced "suspension of deportation" with the more restrictive "cancellation of re-

moval" for aliens placed into proceedings on or after April 1, 1997. *See id.* at 1162. This classification is not wholly irrational. *Cf. id.* at 1164–65 (approving "Congress's natural line-drawing process in choosing a date to limit relief").

Petitioner's contention that his due process rights were violated lacks merit because IIRIRA made suspension of deportation no longer available to him. *Cf. Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001) (explaining application of IIRIRA to bar the prospective relief of suspension of deportation does not offend due process).

We lack jurisdiction to review petitioner's contention that removal proceedings were improperly initiated against him. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 598–99 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.